COPY

FILED
2009 DEC -4 PM 1:44
CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
Fax: 619/342-7878
Email: helenz@zhlaw.com
        alreenh@zhlaw.com

SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMAN LLP
WILMER J. HARRIS (150407)
SAMI N. KHADDER (232216)
414 South Marengo Ave.
Pasadena, CA 91101
Telephone: 626/440-5969
Fax: 626/449-4417
Email: wharris@sdshhlaw.com
        skhadder@sdshhlaw.com

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV09 08924 SJO (MANx)

| | |
|---|---|
| ENRIQUE MADRIGAL, CRISTINA MARTINEZ, and TRACEY MILSOP, on Behalf of Themselves and All Others Similarly Situated, | Case No. |
| Plaintiffs, | CLASS ACTION |
| | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| vs. | DEMAND FOR JURY TRIAL |
| TOMMY BAHAMA GROUP, INC., a Delaware Corporation; TOMMY BAHAMA R&R HOLDINGS, INC., a Georgia Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs Enrique Madrigal, Cristina Martinez and Tracey Milsop ("Plaintiffs"), by their attorneys, bring this action on behalf of themselves and all others similarly situated against the Tommy Bahama Group, Inc., Tommy Bahama R&R Holdings, Inc. (collectively "Tommy Bahama" or "Defendant") and DOES 1 through 10, inclusive.  For this Complaint, Plaintiffs make the following allegations upon information and belief (except those allegations as to the Plaintiffs or their attorneys, which are based on personal knowledge), based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery:

## NATURE OF ACTION

1.    Plaintiffs bring this Class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all nonexempt restaurant and retail store employees employed by, or formerly employed by Tommy Bahama between December, 2005 and the present (the "Class period"), within the State of California.

2.    For at least four years to the filing of this action and through to the present, Tommy Bahama consistently maintained and enforced against its nonexempt employees the following unlawful practices and policies, in violation of California state wage and hour laws: a) requiring employees to incur the cost and expense of uniforms they were required to wear to work by Defendant as a condition of employment; b) requiring employees to work at least five hours without a meal break period and failing to pay such employees one hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided; c) failing to provide employees rest periods of at least ten minutes per four hours worked or a major fraction thereof and failing to pay such employees one hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided; d) failing to reimburse employees for business expenses incurred; e) failing

- 1 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

to furnish employees with a statement of the actual hours they worked; f) failing to maintain records of the actual hours employees worked; and g) failing to pay all wages upon termination or resignation.

3.     Plaintiffs, on behalf of themselves and all other nonexempt employees employed by, or formerly employed by Defendant, bring this action pursuant to California Labor Code Sections 201, 202, 203, 226, 226.7, 450, 512(a), 1174, 1175, 1194 and 2802 seeking compensation for unlawful purchases, reimbursement for business expenses, unpaid meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

4.     Plaintiffs, on behalf of themselves and all other nonexempt employees, pursuant to California Business and Professions Code Sections 17200-17208, also seek injunctive relief and restitution from Defendant for its failure to indemnify and pay meal and rest period penalties.

## JURSIDICTION

5.     This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) as well as the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the Class, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class members reside in California and are therefore diverse from Defendant. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

6.     This Court has personal jurisdiction over Tommy Bahama because it does a substantial amount of business in California, including in this District; is authorized to conduct business in California, including in this District; and it has intentionally availed itself of the laws and markets of this District through the promotion, sale, marketing and/or distribution of its products and services.

7.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred

1   in this District.  Venue is also proper under 18 U.S.C. §1965(a), because Defendant

2   transacts a substantial amount of its business in this District.

3                                    **PARTIES**

4          8.     Plaintiff Enrique Madrigal is now, and at all relevant times was, a

5   resident of Riverside County, State of California.  He brings this action in his

6   individual capacity and on behalf of all others similarly situated.  Madrigal worked at

7   Tommy Bahama's Palm Desert restaurant as a server from March 28, 2006 to June 9,

8   2009.  Defendant failed to reimburse Madrigal for business related expenses, did not

9   provide him with mandatory meal and rest breaks, did not furnish him with a

10  statement of the actual hours he worked, and did not pay (and still has not paid) him

11  all such wages he was due upon his departure from Tommy Bahama's employ.

12         9.     Plaintiff Cristina Martinez is now, and at all relevant times was, a

13  resident of Riverside County, State of California.  She brings this action in her

14  individual capacity and on behalf of all others similarly situated.  Since March 2007,

15  Martinez worked and continues to work at Tommy Bahama's Palm Desert restaurant

16  as a server.  Defendant failed to reimburse Martinez for business related expenses,

17  did not provide her with mandatory meal and rest breaks, did not furnish her with a

18  statement of the actual hours she worked, and did not pay (and still has not paid) her

19  all such wages she is owed.

20         10.    Plaintiff Tracey Milsop is now, and at all relevant times was, a resident

21  of Riverside County, State of California.  She brings this action in her individual

22  capacity and on behalf of all others similarly situated.  Milsop worked at Tommy

23  Bahama's Palm Desert restaurant as a server from October 2007 to July 4, 2009.

24  Defendant failed to reimburse Milsop for business related expenses, did not provide

25  her with mandatory meal and rest breaks, did not furnish her with a statement of the

26  actual hours she worked, and did not pay (and still has not paid) her all such wages

27  she was due upon her departure from Tommy Bahama's employ.

28

11.     Defendant Tommy Bahama Group, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1071 Avenue of the Americas, 11th Floor, New York, New York 10018. Tommy Bahama Group, Inc. is a wholly-owned subsidiary of Oxford Industries, Inc., a producer and marketer of branded and private label apparel headquartered in Atlanta, Georgia. Tommy Bahama Group, Inc. designs and sells men's and women's apparel, as well as numerous other goods and services, under the trademark Tommy Bahama®. Tommy Bahama operates retail stores throughout this District and elsewhere in California.

12.     Defendant Tommy Bahama R&R Holdings, Inc., is a Georgia corporation with its principle place of business in Atlanta, Georgia.  Tommy Bahama R&R Holdings, Inc., owns and operates at least two restaurants in California, which are both located in this District.

13.     Tommy Bahama is, and at all relevant times was, an employer under 8 C.C.R. §11040.

14.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiffs, who therefore sues these defendants by such fictitious names.  Plaintiffs will seek to amend this complaint and include these Doe Defendants true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs and the Class.

## FACTUAL ALLEGATIONS

15.     Tommy Bahama, well-known for its high end men's resort wear and "aloha" shirts, operates dozens of retail stores throughout this District and the State of California.  Tommy Bahama also operates two restaurants in California, one in Riverside County and the other in Orange County.

16.     Plaintiffs and members of the proposed Class are, and at all times relevant hereto, worked for Defendant as non-exempt employees within the meaning

- 4 -

1  of the California Labor Code and the implementing rules and regulations of the IWC

2  Wage Orders in its restaurants and/or retail establishments.

3       17.     As a condition of employment, Defendant has a uniform policy requiring

4  employees to wear a clean, pressed (i.e. "dry cleaned") and not a "worn out" Tommy

5  Bahama's name brand "aloha" shirt and Tommy Bahama pants or shorts as a

6  uniform.  Defendant, however, required its employees to purchase and maintain such

7  Tommy Bahama uniforms at their own expense and without providing them with a

8  weekly maintenance allowance of an hour's pay at the state minimum wage rate.

9       18.     In addition, although Defendant provided its full-time non-exempt

10 employees with one new uniform every three months and its part-time non-exempt

11 employees with one new uniform every three months, Defendant had a uniform

12 policy requiring its non-exempt employees to purchase new uniforms in-between

13 such times.  Plaintiffs and Defendant's other non-exempt employees were required to

14 purchase uniforms from Defendant's retail store without reimbursement.

15      19.     Plaintiffs and members of the proposed California Class were regularly

16 required by Defendant to work in excess of five (5) hours a day without a meal period

17 of not less than 30 minutes and did not receive one (1) hour of pay at their regular

18 rates of pay for each meal period that was not provided, in violation of California

19 labor laws, regulations, and IWC Wage Orders.

20      20.     Plaintiffs and members of the proposed California Class were regularly

21 required by Defendant to work in excess of four (4) consecutive hours a day without

22 either being provided a rest break or being compensated one (1) hour of pay at the

23 regular rate of compensation for each workday that appropriate rest breaks were not

24 provided, in violation of California labor laws, regulations, and IWC Wage Orders.

25      21.     Defendant also willfully failed to compensate former employees who

26 belong to the proposed California Class for wages at the termination of their

27 employment with Defendant.

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

22.    At all relevant times, Defendant knowingly and intentionally failed to provide timely, accurate, and itemized wage statements to Plaintiffs and members of the proposed California Class.

23.    Plaintiffs are victims of Defendant's unlawful practices and therefore bring this Class action to obtain damages and injunctive relief for themselves and members of the proposed California Class.

## CLASS ACTION ALLEGATIONS

24.    Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25.    The proposed class consists of all persons who work and/or worked at Tommy Bahama between December 2005 and the present (the "Class period") as a nonexempt employee (the "Class").

26.    This action is properly brought as a class action for the following reasons:

(a)    The proposed Class is so numerous and geographically dispersed throughout the United States that joinder of all class members is impracticable. While Plaintiffs do not know the exact number and identity of all class members, Plaintiffs believe there are thousands of class members;

(b)    The disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c)    The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

(d)    There are questions of law and fact common to the proposed Class, which predominate over any questions that may affect individual class members. Such common questions include:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1               (i)Whether Defendant violated Labor Code Sections 221, 450

2    and 2802, and IWC Wage Orders 5-1998, 5-2000, 5-2001 and/or other applicable

3    IWC Wage Order for failing to indemnify employees against expenditures and losses

4    (e.g., requiring as a condition of employment that Class Members purchase and

5    maintain uniforms required by Defendant) incurred by them in direct consequence of

6    the discharge of their duties, or of their obedience to the direction of Defendant;

7               (ii)Whether Defendants violated Labor Code sections 226.7

8    and 512, Wage Orders 5-1998, 5-2000(12), 5-2001(12) or other applicable IWC

9    Wage Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to

10   provide daily rest periods to non-exempt employees for every four (4) hours or major

11   fraction thereof worked and/or by failing to provide a meal period to non-exempt

12   employees on days they worked work periods in excess of five (5) hours and failing

13   to compensate said employees one (1) hour's wages in lieu of rest and meal periods;

14              (iii)Whether Defendants violated sections 226, 1174 of the

15   Labor Code and IWC Wage Orders 5-1998, 5-2000(7), 5-2001(7) by failing to,

16   among other violations, maintain accurate records of Class Members' earned wages

17   and work periods;

18              (iv)Whether Defendants violated sections 201-203 of the Labor

19   Code by failing to pay all earned wages and/or premium wages or return unlawfully

20   deducted wages or reimbursements due and owing at the time that any Class

21   member's employment with Defendants terminated;

22              (v)Whether Defendants violated sections 226 of the Labor

23   Code and IWC Wage Order 5 sub-section (7) by failing to, among other violations,

24   itemize in wage statements all deductions from wages and accurately maintain

25   records pertaining to Plaintiffs and the Class he seeks to represent; and

26              (vi)Whether Defendants violated section 17200 *et seq.* of the

27   Business and Professions Code.

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1      (e)    Plaintiffs' claims are typical of the claims of the members of the
2  proposed class.

3      (f)    Plaintiffs will fairly and adequately protect the interests of the
4  proposed Class in that he has no interests antagonistic to those of the other proposed
5  Class members, and Plaintiffs has retained attorneys experienced in consumer class
6  actions and complex litigation as counsel.

7      (g)    A class action is superior to other available methods for the fair
8  and efficient adjudication of this controversy for at least the following reasons:

9                    (i)Given the size of individual proposed class member's
10  claims and the expense of litigating those claims, few, if any, proposed class
11  members could afford to or would seek legal redress individually for the wrongs
12  Defendant committed against them and absent proposed class members have no
13  substantial interest in individually controlling the prosecution of individual actions;

14                    (ii)This action will promote an orderly and expeditious
15  administration and adjudication of the proposed class claims, economies of time,
16  effort and resources will be fostered and uniformity of decisions will be insured; and

17                    (iii)Without a class action, proposed class members will
18  continue to suffer damages, and Defendant's violations of law will proceed without
19  remedy while Defendant continues to reap and retain the substantial proceeds of their
20  wrongful conduct.

21      (h)    Plaintiffs know of no difficulty that will be encountered in the
22  management of this litigation that would preclude its maintenance as a class action.

23      (i)    Plaintiffs seek damages and equitable relief on behalf of the
24  proposed class on grounds generally applicable to the entire proposed class.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FIRST CAUSE OF ACTION

### Unlawful Purchases
*California Labor Code §450, 8 California Code of Regulations § 11070*

27.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

28.     California Labor Code Section 450 prohibits an employer from compelling or coercing any employee to purchase anything of value from the employer.

29.     8 CCR § 11070(9)(A) states that "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer."

30.     Defendant had and continues to have a uniform policy, in which it requires its employees to purchase uniforms from its retail store and to dry clean and otherwise maintain such uniforms.

31.     Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and the class and in conscious disregard of their rights.

32.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been damaged.

## SECOND CAUSE OF ACTION

### Failure to Indemnify and Reimburse for Business Expenses
*California Labor Code §2802*

33.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

34.     Pursuant to California Labor Code Section 2802, at all times relevant herein, Defendant was required to indemnify and reimburse Plaintiffs and the Class for all reasonable and necessary expenditures and losses incurred in the course and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  scope of their employment.  Furthermore, Defendant was not permitted to make

2  deductions or set offs from Plaintiffs and the Class' earned wages for items,

3  including, but not limited to, expenses incurred in the performance of their duties.

4       35.    Through Defendant's uniform policy, Plaintiffs and the Class were

5  required to purchase and maintain uniforms for which they were not reimbursed.

6       36.    Thus, during Plaintiffs and the Class' employment, they were required to

7  incur business-related expenses and charges directly related to the performance of

8  their duties as Defendant's employees that were never reimbursed.

9       37.    Pursuant to California Labor Code Section 2804, Defendant was

10  prohibited from contracting with Plaintiffs and the Class to waive their rights to be

11  indemnified for business expenses.  Thus, even assuming such agreement existed, the

12  terms would be null and void.

13       38.    Therefore, Defendant failed to fully and reasonably indemnify and

14  reimburse Plaintiffs and the Class for business expenses in violation of Labor Code

15  Section 2802.  Such acts were committed willfully, maliciously, oppressively, and

16  fraudulently, with conscious disregard for Plaintiffs and the Class' rights and

17  Defendant's obligations under California wage and hour laws, which deprived

18  Plaintiffs and the Class of their property and legal rights.

19       39.    In violation of California law, Defendant's have knowingly and willfully

20  refused to perform their obligations to compensate Plaintiffs and the Class properly

21  for all reasonable and necessary expenditures and losses incurred in the course of and

22  scope of their employment.  As a direct and proximate result, Plaintiffs and the Class

23  have suffered and continue to suffer, substantial losses related to the use and

24  enjoyment of such monies, lost interest on such reimbursements, and expenses and

25  attorneys' fees in seeking to compel Defendant to fully perform its obligation under

26  state law, and all to its respective damage in amounts according to proof at time of

27  trial.

28  ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### THIRD CAUSE OF ACTION

**Failure to Provide Lawfully-Required Meal Breaks**
*California Labor Code §§512(a), 226.7 &*
*Industrial Welfare Commission Wage Order 4-2001, §11*

40.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

41.     California Labor Code §226.7(a) mandates that no employer shall require any employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission.  California Labor Code §226.7(b) states that if an employer fails to provide an employee a meal period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

42.     California Labor Code §512 and the applicable IWC Wage Order states with regards to meal periods:

        (a)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

43.     The Division of Labor Standards Enforcement has opined that meal periods must be recorded unless all operations cease during the scheduled meal periods.  (*See* Letter from Division's Chief Counsel to the author dated February 22, 1993.)  Consequently, the Division will not permit a practice pursuant to which it is simply assumed that employees receive a meal period unless a record to the contrary is maintained.

44.     As set forth herein above, during the Class Period, Plaintiffs and the Class were required to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

45.   This conduct was in violation of the provisions of California Labor Code §226.7(a), California Labor Code §512(a) and Industrial Welfare Commission Wage Order 4-2001, §11(A).

46.   Plaintiffs and the Class are therefore entitled to and hereby claim civil penalties for Defendant's failure to lawfully provide daily meal periods, pursuant to California *Labor Code* § 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, §11(B), which states that an employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

47.   Defendant violated California Labor Code §226.7 and the wage orders by failing to schedule meal periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the meal periods were not provided.

48.   Plaintiffs and the Class did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or was part of an unlawful contract of adhesion. Defendant did not provide, permit or authorize Plaintiffs and the Class to take meal periods in accordance with law or, if provided, did not pay for such time.

49.   As a result of Defendant's unlawful acts, Plaintiffs and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of.

50.   Plaintiffs and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

51.   Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and Class members and in conscious disregard of their rights. Therefore, in addition to other types of

1   relief requested herein, Plaintiffs and the Class are entitled to recover punitive and

2   exemplary damages in amounts according to proof at time of trial.

3   ## FOURTH CAUSE OF ACTION

4   ### Failure to Provide Rest Periods and/or Pay
    Appropriate Compensation in Lieu Thereof
5   Labor Code §§226.7, 1194 and IWC Wage Orders

6

7       52.    Plaintiffs hereby reallege and incorporate by reference the allegations

8   contained in the paragraphs above, as if fully set forth herein.

9       53.    California Labor Code §226.7(a) mandates that no employer shall

10  require any employee to work during any rest period mandated by an applicable order

11  of the Industrial Welfare Commission.

12      54.    California Labor Code §226.7(b) states that if an employer fails to

13  provide an employee a rest period in accordance with an applicable order of the

14  Industrial Welfare Commission, the employer shall pay the employee one additional

15  hour of pay at the employee's regular rate of compensation for each work day that the

16  rest period is not provided.

17      55.    The applicable Wage Order states with regard to rest periods:

18          (a)    Every employer shall authorize and permit all employees to take

19  rest periods, which insofar as practicable shall be in the middle of each work period.

20  The authorized rest period time shall be based on the total hours worked daily at the

21  rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

22  However, a rest period need not be authorized for employees whose total daily work

23  time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be

24  counted as hours worked for which there shall be no deduction from wages.

25          (b)    If an employer fails to provide an employee a rest period in

26  accordance with the applicable provisions of this Order, the employer shall pay the

27  employee one (1) hour of pay at the employee's regular rate of compensation for each

28  work day that the rest period is not provided.

56.     Defendant violated California Labor Code §226.7 and the wage orders by failing to schedule rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

57.     Plaintiffs and the Class did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiffs and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or was part of an unlawful contract of adhesion. Defendant did not provide, permit or authorize Plaintiffs and the Class to take rest periods in accordance with law or, if provided, did not pay for such time.

58.     As a result of Defendant's unlawful acts, Plaintiffs and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of.

59.     Plaintiffs and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

60.     Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and Class members and in conscious disregard of their rights. Therefore, in addition to other types of relief requested herein, Plaintiffs and the Class are entitled to recover punitive and exemplary damages in amounts according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### Failure to Properly Itemize Wage Statements
### *Labor Code* §226(a), 1174, 1175 and Wage Orders

61.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

62.     California Labor Code Section 226(a) requires Defendant to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by its employees.

63.     Defendant knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that was provided to Plaintiffs and the Class.

64.     By failing to keep adequate records as required by Labor Code §§226 and 1174(d), Defendant has injured Plaintiffs and the Class and made it difficult to calculate the unpaid wages earned, unpaid rest and meal period compensation, and losses and expenditures not indemnified by Defendant (including wages, interest and penalties thereon) due to Plaintiffs and the Class.

65.     California Labor Code §226(e) and (g) provides for the remedy for the violations described above:

(a)     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(b)     An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

66.     In addition, Defendant also violated Section 1174 of the California Labor Code, and the applicable IWC Wage Orders, that require Defendant to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendant has

- 15 -

1  knowingly and intentionally failed to comply with California Labor Code §1174.
2  The failure of Defendant to comply with California Labor Code §1174 is unlawful
3  pursuant to California Labor Code §1175.  When an employer fails to keep such
4  records, employees may establish the hours worked solely by their testimony and the
5  burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*,
6  (1988) 199 Cal. App. 3d 721.

7      67.   By failing to keep adequate time records required by Sections 226 and
8  1174 (d) of the California Labor Code, Defendant has injured Plaintiffs and the Class
9  entitling them up to $4,000.00 each in penalties.

10     68.   Plaintiffs and the Class are therefore entitled to recover all amounts for
11 all such wages and expenses and benefits on such wage statements, penalties, interest,
12 attorneys' fees, and court costs and expenses of suit, pursuant to Labor Code Sections
13 218.6 and 226, according to proof at time of trial.  Plaintiffs and the Class are also
14 entitled to recover, in addition to or in lieu of some or all wages and expenses and
15 benefits, nominal, actual and compensatory damages in amounts according to proof at
16 time of trial.

17     69.   Defendant's failure to provide Plaintiffs and the Class with properly
18 itemized wage statements, including, but not limited to, proper payment of wages,
19 expenses and proper itemization of employees' pay in violation of California law,
20 was knowing and intentional.  Defendant has refused to provide the properly itemized
21 wage statements due to false and fraudulent reasons.  All such acts were committed
22 willfully, maliciously, oppressively, and fraudulently, with the wrongfully and
23 deliberate intention of injuring Plaintiffs and the Class, and with conscious disregard
24 for Plaintiffs and the Class' rights and legal Defendant's obligations under California
25 wage and hour laws, all of which have deprived Plaintiffs and the Class of their
26 property and legal rights.

27 ///

28 ///

# SIXTH CAUSE OF ACTION

## Failure To Pay All Wages Upon Termination Or Resignation
### *Labor Code §§201, 202, 203*

70.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

71.    California Labor Code Section 201(a) states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...."

72.    California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

73.    Defendant is, and at all times relevant hereto was, an employer within the meaning of and subject to California Labor Code §200 *et seq.*

74.    Defendant willfully failed to timely pay Plaintiffs and other former employees their wages due for work performed at the time of their departure and/or within seventy-two (72) hours of their departure, whichever applicable.  As a result, Defendant violated California Labor Code §201 and 202.

75.    Defendant's willful failure to timely pay Plaintiffs and other former employees all wages due for work performed at the time of their departure and/or within seventy-two (72) hours of their departure was not inadvertent or accidental.

76.    As of thirty (30) days from the date these monies were due and owing to such former employees, Defendant continued to willfully refuse to pay these monies to them and continues to do so as of the filing of this Complaint.

77.    At all times, Plaintiffs and Defendant's other former employees have been ready, willing and available to accept payment of these monies.

78.    Plaintiffs and other former employees are entitled to compensation for all forms of wages earned, including, but not limited to, additional wages for not

1   providing rest and meal periods, and other claims described in this complaint, but to
2   date have not received such compensation therefore entitling them to penalties under
3   Labor Code §203.

4       79.    More than 30 days have passed since Plaintiffs and other former
5   employees have left Defendant's employment, and have not received payment
6   pursuant to Labor Code §§201, 202 and 203.

7       80.    In addition to these unpaid wages and interest thereon to which Plaintiffs
8   and other former employees are entitled, as a consequence of Defendant's willful
9   conduct in not paying all earned wages, Plaintiffs and other former employees are
10  also entitled to 30 days' wages as a premium wage or penalty under California Labor
11  Code §203.

12  **SEVENTH CAUSE OF ACTION**

13  **Unfair Competition Law**
14  ***Business and Professions Code* § 17200**

15      81.    Plaintiffs hereby reallege and incorporate by reference the allegations
16  contained in the paragraphs above, as if fully set forth herein.

17      82.    The violations of the foregoing statutes and regulations, and/or
18  maintenance of the unlawful labor practices by Defendant as described in this
19  Complaint, constitute unfair and unlawful business practices under Business and
20  Professions Code §17200, *et seq.*

21      83.    The identified violations of California's wage and hour laws constitute
22  business practices because they were done repeatedly over a significant period of
23  time, and in a systematic manner to the detriment of Plaintiffs and the Class.

24      84.    As a result of Defendant's continuing violations of the California wage
25  and hour laws described above, the issuance of a temporary and permanent injunction
26  is mandated. Therefore, Plaintiffs and the Class seek an injunction ordering
27  Defendant to cease and desist engaging in the unfair business practices described
28  above. Such an injunction is appropriate to remedy the wrongful conduct alleged.

85.    As a further remedy authorized by California Business & Professions Code §17203, because Defendant wrongfully obtained a competitive advantage by engaging in these unlawful and unfair business practices, and continues to do so, the monies unlawfully obtained by such means should be restored to the parties from whom these monies were taken (i.e., Plaintiffs and the Class).

86.    By way of an injunctive order, Defendant should be ordered to: Identify, locate and notify all present and former Employees (Class Members) within the preceding four (4) years that certain monies may be due and owing to them; Calculate the amount of restitution owed by performing an adequate accounting to ascertain the monies due and owed to said present and former employees; Pay restitution, together with interest, penalties, and attorney fees and costs, accordingly and; Comply with any other order or judgment which the Court deems necessary to prevent the use of any practice by Defendant constituting unfair business practices or to restore to any person in interest any money or property which was acquired by means of such a practice, including but not limited to the appointment of a receiver, pursuant to California Business & Professions Code 17203.

87.    Plaintiffs and the Class are entitled to and hereby claim attorneys' fees and costs, pursuant to California Labor Code §§218.5, 1194, the private attorney general theory doctrine (California Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

1. For compensatory damages, including unpaid wages, according to proof;

2. For unpaid wages and unpaid overtime wages, according to proof;

3. For civil premiums and penalties, pursuant to *Labor Code* §§ 558, 226.7(b), 226, 203, and any applicable Industrial Welfare Commission Wage Order;

4. For all other applicable remedies and penalties, pursuant to the California *Labor Code* and any applicable *Industrial Welfare Commission Wage Order*;

5. For an award of attorneys' fees and costs of suit, pursuant to *Labor Code* §§ 218.5, 1194, 226(e) *Code of Civil Procedure* §1021.5 or any applicable code or *Industrial Welfare Commission Wage Order*;

6. For an award of interest, including prejudgment interest at the legal rate;

7. For punitive and exemplary damages, according to proof.

8. For disgorgement of all unjust enrichment and/or profits obtained by Defendant, as a result of their violations of the Labor Code and Wage Orders;

9. For injunctive relief including, but not limited to, ordering the continuing unlawful business acts to cease, and ordering that Defendant identify, locate and notify the Class Members that certain monies may be due and owing to them; that Defendant calculate the amount of restitution owed by performing an adequate accounting to ascertain the monies due and owed to said Class Members; and that Defendant pay restitution, together with interest and attorney fees, costs and penalties, accordingly as allowed by Business and Professions Code §17203; and

10. For such other and further relief as the Court deems just and proper;

///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## JURY DEMAND

Plaintiffs, individually, and on behalf of all other similarly situated current and former employees of Defendant's in the State of California, hereby demand trial by jury on all issues so triable.

DATED:  December 4, 2009

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
WILMAR J. HARRIS
SAMI N. KHADDER

Attorneys for Plaintiffs and the Proposed Class

- 21 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV09- 8924 SJO (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
Wilmer J. Harris (150407): wharris@sdshhlaw.com
Sami N. Khadder (232216): skhadder@sdshhlaw.com
414 South Marengo Ave.: Pasadena, CA 91101
Telephone: 626/440-5969

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MADRIGAL, CRISTINA MARTINEZ, and TRACEY MILSOP, on Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>TOMMY BAHAMA GROUP, INC., a Delaware Corporation: TOMMY BAHAMA R&R HOLDINGS, INC., a Georgia Corporation; and DOES 1 through 10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09 08924 SJO (MANx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>TOMMY BAHAMA GROUP, INC., a Delaware Corporation; TOMMY</u>
<u>BAHAMA R&R HOLDINGS, INC., a Georgia Corporation</u>

A lawsuit has been filed against you.

Within ☐ 21 ☐ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Wilmer J. Harris and Sami N. Khadder</u>, whose address is <u>414 S. Marengo Avenue, Pasadena, CA 91101</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  DEC - 4 2009

By: _____

LA'REE HORN

Deputy Clerk

(Seal of the Court)

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ENRIQUE MADRIGAL, CRISTINA MARTINEZ, and TRACEY MILSOP, on Behalf of Themselves and All Others Similarly Situated | TOMMY BAHAMA GROUP, INC., a Delaware Corporation, TOMMY BAHAMA R&R HOLDINGS, INC., a Georgia Corporation, and DOES 1 through 10, inclusive. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Wilmer J. Harris, (150407), Sam N. Khadder, (232216) Schonbrun DeSimone Seplow Harris & Hoffman LLP 414 S. Marengo Avenue, Pasadena, CA 91101, Tel. 626-440-5969 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ none specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV09 08924

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s) _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Counties of Riverside, Los Angeles, Orange, San Bernardino, Ventura, Santa Barbara and San Luis Obispo | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTIES OF RIVERSIDE, LOS ANGELES, ORANGE, SANBERNARDINO, VENTURA SANTA BARBARA, SAN LUIS OBISPO | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   12/4/09

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |