COPY

1   ZELDES & HAEGGQUIST, LLP
    HELEN I. ZELDES (220051)
2   ALREEN HAEGGQUIST (221858)
    625 Broadway, Suite 906
3   San Diego, CA 92101
    Telephone:  619/342-8000
4   Fax:  619/342-7878
    Email:  helenz@zhlaw.com
5          alreenh@zhlaw.com

6   SCHONBRUN DESIMONE SEPLOW
    HARRIS & HOFFMAN LLP
7   WILMER J. HARRIS (150407)
    SAMI N. KHADDER (232216)
8   715 Fremont Avenue, Suite A
    South Pasadena, CA 91030
9   Telephone: 626/441-4129
    Fax:  626/283-5770
10  Email:  wharris@sdshhlaw.com
            skhadder@sdshhlaw.com
11
    Attorneys for Plaintiffs and the Proposed Class
12

13

14                  UNITED STATES DISTRICT COURT

15                  CENTRAL DISTRICT OF CALIFORNIA

16

17  ENRIQUE MADRIGAL, CRISTINA      )  Case No.  CV 09-08924 SJO (MANx)
    MARTINEZ, and TRACEY MILSOP,    )
    on Behalf of Themselves and All Others ) CLASS ACTION
18  Similarly Situated,             )
                                    )  SECOND AMENDED COMPLAINT
19                    Plaintiffs,   )  FOR DAMAGES AND INJUNCTIVE
                                    )  RELIEF
20       vs.                        )
                                    )
21  TOMMY BAHAMA GROUP, INC., a     )  DEMAND FOR JURY TRIAL
    Delaware Corporation; TOMMY     )
22  BAHAMA R&R HOLDINGS, INC., a    )
    Georgia Corporation; and DOES 1 )
23  through 10, inclusive,          )
                                    )
24                    Defendants.   )
                                    )
25  _____ )

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiffs Enrique Madrigal, Cristina Martinez and Tracey Milsop ("Plaintiffs"),
2    by their attorneys, bring this action on behalf of themselves and all others similarly
3    situated against the Tommy Bahama Group, Inc., Tommy Bahama R&R Holdings, Inc.
4    (collectively "Tommy Bahama" or "Defendant") and DOES 1 through 10, inclusive.  For
5    this Complaint, Plaintiffs make the following allegations upon information and belief
6    (except those allegations as to the Plaintiffs or their attorneys, which are based on
7    personal knowledge), based upon an investigation that is reasonable under the
8    circumstances, which allegations are likely to have evidentiary support after a reasonable
9    opportunity for further investigation and/or discovery:

## NATURE OF ACTION

11    1.    Plaintiffs bring this Class action, pursuant to Rule 23 of the Federal Rules
12    of  Civil Procedure, on behalf of themselves and all nonexempt restaurant and retail
13    store employees employed by, or formerly employed by Tommy Bahama between
14    December, 2005 and the present (the "Class period"), within the State of California.

15    2.    For at least four years to the filing of this action and through to the present,
16    Tommy Bahama consistently maintained and enforced against its nonexempt employees
17    the following unlawful practices and policies, in violation of California state wage and
18    hour laws: a) requiring employees to incur the cost and expense of uniforms they were
19    required to wear to work by Defendant as a condition of employment; b) requiring
20    employees to work at least five hours without a meal break period and failing to pay
21    such employees one hour of pay at the employees' regular rate of compensation for
22    each workday that the meal period is not provided; c) failing to provide employees rest
23    periods of at least ten minutes per four hours worked or a major fraction thereof and
24    failing to pay such employees one hour of pay at the employees' regular rate of
25    compensation for each workday that a rest period was not provided; d) failing to
26    reimburse employees for business expenses incurred; e) failing to furnish employees
27    with a statement of the actual hours they worked; f) failing to maintain records of the

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  actual hours employees worked; and g) failing to pay all wages upon termination or
2  resignation.

3      3.      Plaintiffs, on behalf of themselves and all other nonexempt employees
4  employed by, or formerly employed by Defendant, bring this action pursuant to
5  California Labor Code Sections 201, 202, 203, 226, 226.7, 450, 512(a), 1174, 1175,
6  1194 and 2802 seeking compensation for unlawful purchases, reimbursement for
7  business expenses, unpaid meal and rest period compensation, penalties, injunctive and
8  other equitable relief, and reasonable attorneys' fees and costs.

9      4.      Plaintiffs, on behalf of themselves and all other nonexempt employees,
10  pursuant to California Business and Professions Code Sections 17200-17208, also seek
11  injunctive relief and restitution from Defendant for its failure to indemnify and pay
12  meal and rest period penalties.

13                              **JURSIDICTION**

14      5.      This Court has original jurisdiction over this action under 28 U.S.C.
15  §1332(a) as well as the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2)
16  ("CAFA"), as to the named Plaintiffs and every member of the Class, because the
17  proposed Class contains more than 100 members, the aggregate amount in controversy
18  exceeds $5 million, and Class members reside in California and are therefore diverse
19  from Defendant. The Court has supplemental jurisdiction over Plaintiffs' state law
20  claims pursuant to 28 U.S.C. §1367(a).

21      6.      This Court has personal jurisdiction over Tommy Bahama because it does
22  a substantial amount of business in California, including in this District; is authorized to
23  conduct business in California, including in this District; and it has intentionally availed
24  itself of the laws and markets of this District through the promotion, sale, marketing
25  and/or distribution of its products and services.

26      7.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a
27  substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in

28

1  this District.  Venue is also proper under 18 U.S.C. §1965(a), because Defendant

2  transacts a substantial amount of its business in this District.

3  **PARTIES**

4  8.  Plaintiff Enrique Madrigal is now, and at all relevant times was, a resident

5  of Riverside County, State of California.  He brings this action in his individual

6  capacity and on behalf of all others similarly situated.  Madrigal worked at Tommy

7  Bahama's Palm Desert restaurant as a server from March 28, 2006 to June 9, 2009.

8  Defendant failed to reimburse Madrigal for business related expenses, did not provide

9  him with mandatory meal and rest breaks, did not furnish him with a statement of the

10  actual hours he worked, and did not pay (and still has not paid) him all such wages he

11  was due upon his departure from Tommy Bahama's employ.

12  9.  Plaintiff Cristina Martinez is now, and at all relevant times was, a resident

13  of Riverside County, State of California.  She brings this action in her individual

14  capacity and on behalf of all others similarly situated.  Since March 2007, Martinez

15  worked and continues to work at Tommy Bahama's Palm Desert restaurant as a server.

16  Defendant failed to reimburse Martinez for business related expenses, did not provide

17  her with mandatory meal and rest breaks, did not furnish her with a statement of the

18  actual hours she worked, and did not pay (and still has not paid) her all such wages she

19  is owed.

20  10.  Plaintiff Tracey Milsop is now, and at all relevant times was, a resident of

21  Riverside County, State of California.  She brings this action in her individual capacity

22  and on behalf of all others similarly situated.  Milsop worked at Tommy Bahama's

23  Palm Desert restaurant as a server from October 2007 to July 4, 2009. Defendant failed

24  to reimburse Milsop for business related expenses, did not provide her with mandatory

25  meal and rest breaks, did not furnish her with a statement of the actual hours she

26  worked, and did not pay (and still has not paid) her all such wages she was due upon her

27  departure from Tommy Bahama's employ.

28

11.     Defendant Tommy Bahama Group, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1071 Avenue of the Americas, 11th Floor, New York, New York 10018. Tommy Bahama Group, Inc. is a wholly-owned subsidiary of Oxford Industries, Inc., a producer and marketer of branded and private label apparel headquartered in Atlanta, Georgia. Tommy Bahama Group, Inc. designs and sells men's and women's apparel, as well as numerous other goods and services, under the trademark Tommy Bahama®. Tommy Bahama operates retail stores throughout this District and elsewhere in California.

12.     Defendant Tommy Bahama R&R Holdings, Inc., is a Georgia corporation with its principle place of business in Atlanta, Georgia.   Tommy Bahama R&R Holdings, Inc., owns and operates at least two restaurants in California, which are both located in this District.

13.     Tommy Bahama is, and at all relevant times was, an employer under 8 C.C.R. §11040.

14.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek to amend this complaint and include these Doe Defendants true names and capacities when they are ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs and the Class.

### FACTUAL ALLEGATIONS

15.     Tommy Bahama, well-known for its high end men's resort wear and "aloha" shirts, operates dozens of retail stores throughout this District and the State of California.   Tommy Bahama also operates two restaurants in California, one in Riverside County and the other in Orange County.

16.     Plaintiffs and members of the proposed Class are, and at all times relevant hereto, worked for Defendant as non-exempt employees within the meaning of

- 4 -

the California Labor Code and the implementing rules and regulations of the IWC Wage Orders in its restaurants and/or retail establishments.

17.     As a condition of employment, Defendant has a uniform policy requiring employees to wear a clean, pressed (i.e. "dry cleaned") and not a "worn out" Tommy Bahama's name brand "aloha" shirt and Tommy Bahama pants or shorts as a uniform. Defendant, however, required its employees to purchase and maintain such Tommy Bahama uniforms at their own expense and without providing them with a weekly maintenance allowance of an hour's pay at the state minimum wage rate.

18.     In addition, although Defendant provided its full-time non-exempt employees with one new uniform every three months and its part-time non-exempt employees with one new uniform every three months, Defendant had a uniform policy requiring its non-exempt employees to purchase new uniforms in-between such times. Plaintiffs and Defendant's other non-exempt employees were required to purchase uniforms from Defendant's retail store without reimbursement.

19.     Plaintiffs and members of the proposed California Class were regularly required by Defendant to work in excess of five (5) hours a day without a meal period of not less than 30 minutes and did not receive one (1) hour of pay at their regular rates of pay for each meal period that was not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

20.     Plaintiffs and members of the proposed California Class were regularly required by Defendant to work in excess of four (4) consecutive hours a day without either being provided a rest break or being compensated one (1) hour of pay at the regular rate of compensation for each workday that appropriate rest breaks were not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

21.     Defendant also willfully failed to compensate former employees who belong to the proposed California Class for wages at the termination of their employment with Defendant.

22.     At all relevant times, Defendant knowingly and intentionally failed to provide timely, accurate, and itemized wage statements to Plaintiffs and members of the proposed California Class.

23.     Plaintiffs are victims of Defendant's unlawful practices and therefore bring this Class action to obtain damages and injunctive relief for themselves and members of the proposed California Class.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25.     The proposed class consists of all persons who work and/or worked at Tommy Bahama between December 2005 and the present (the "Class period") as a nonexempt employee (the "Class").

26.     This action is properly brought as a class action for the following reasons:

(a)     The proposed Class is so numerous and geographically dispersed throughout the United States that joinder of all class members is impracticable.  While Plaintiffs do not know the exact number and identity of all class members, Plaintiffs believe there are thousands of class members;

(b)     The disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both the parties and the Court;

(c)     The proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

(d)     There are questions of law and fact common to the proposed Class, which predominate over any questions that may affect individual class members.  Such common questions include:

(i) Whether Defendant violated Labor Code Sections 221, 450 and 2802, and IWC Wage Orders 5-1998, 5-2000, 5-2001 and/or other applicable IWC Wage

1  Order for failing to indemnify employees against expenditures and losses (e.g., requiring
2  as a condition of employment that Class Members purchase and maintain uniforms
3  required by Defendant) incurred by them in direct consequence of the discharge of their
4  duties, or of their obedience to the direction of Defendant;

5                  (ii)Whether Defendants violated Labor Code sections 226.7 and
6  512, Wage Orders 5-1998, 5-2000(12), 5-2001(12) or other applicable IWC Wage
7  Orders, and Cal. Code Regs., Title 8, section 11000 et. seq. by failing to provide daily
8  rest periods to non-exempt employees for every four (4) hours or major fraction thereof
9  worked and/or by failing to provide a meal period to non-exempt employees on days
10 they worked work periods in excess of five (5) hours and failing to compensate said
11 employees one (1) hour's wages in lieu of rest and meal periods;

12                 (iii)Whether Defendants violated sections 226, 1174 of the Labor
13 Code and IWC Wage Orders 5-1998, 5-2000(7), 5-2001(7) by failing to, among other
14 violations, maintain accurate records of Class Members' earned wages and work periods;

15                 (iv)Whether Defendants violated sections 201-203 of the Labor
16 Code by failing to pay all earned wages and/or premium wages or return unlawfully
17 deducted wages or reimbursements due and owing at the time that any Class member's
18 employment with Defendants terminated;

19                 (v)Whether Defendants violated sections 226 of the Labor Code
20 and IWC Wage Order 5 sub-section (7) by failing to, among other violations, itemize in
21 wage statements all deductions from wages and accurately maintain records pertaining to
22 Plaintiffs and the Class he seeks to represent; and

23                 (vi)Whether Defendants violated section 17200 *et seq.* of the
24 Business and Professions Code.

25       (e)    Plaintiffs' claims are typical of the claims of the members of the
26 proposed class.

27       (f)    Plaintiffs will fairly and adequately protect the interests of the
28 proposed Class in that he has no interests antagonistic to those of the other proposed

1  Class members, and Plaintiffs has retained attorneys experienced in consumer class
2  actions and complex litigation as counsel.

3  (g)   A class action is superior to other available methods for the fair and
4  efficient adjudication of this controversy for at least the following reasons:

5  (i)Given the size of individual proposed class member's claims
6  and the expense of litigating those claims, few, if any, proposed class members could
7  afford to or would seek legal redress individually for the wrongs Defendant committed
8  against them and absent proposed class members have no substantial interest in
9  individually controlling the prosecution of individual actions;

10  (ii)This action will promote an orderly and expeditious
11  administration and adjudication of the proposed class claims, economies of time, effort
12  and resources will be fostered and uniformity of decisions will be insured; and

13  (iii)Without a class action, proposed class members will continue
14  to suffer damages, and Defendant's violations of law will proceed without remedy while
15  Defendant continues to reap and retain the substantial proceeds of their wrongful
16  conduct.

17  (h)   Plaintiffs know of no difficulty that will be encountered in the
18  management of this litigation that would preclude its maintenance as a class action.

19  (i)   Plaintiffs seek damages and equitable relief on behalf of the proposed
20  class on grounds generally applicable to the entire proposed class.

21

22  **COLLECTIVE ACTION ALLEGATIONS**
23  **UNDER THE FAIR LABOR STANDARDS ACT**

24  27.   Plaintiffs herein file this action on behalf of themselves and class members
25  currently or formerly employed by Defendant to recover from Defendant compensation
26  earned but unpaid, including overtime compensation, liquidated damages, and any other
27  recovery authorized under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

28

- 8 -

28.    Plaintiffs request that absent class members be notified of their right to opt in as a plaintiff by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts.

## FIRST CAUSE OF ACTION

### Unlawful Purchases
### *California Labor Code §450, 8 California Code of Regulations § 11070*

29.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

30.    California Labor Code Section 450 prohibits an employer from compelling or coercing any employee to purchase anything of value from the employer.

31.    8 CCR § 11070(9)(A) states that "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer."

32.    Defendant had and continues to have a uniform policy, in which it requires its employees to purchase uniforms from its retail store and to dry clean and otherwise maintain such uniforms.

33.    Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and the class and in conscious disregard of their rights.

34.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been damaged.

## SECOND CAUSE OF ACTION

### Failure to Indemnify and Reimburse for Business Expenses
### *California Labor Code §2802*

35.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

36.     Pursuant to California Labor Code Section 2802, at all times relevant herein, Defendant was required to indemnify and reimburse Plaintiffs and the Class for all reasonable and necessary expenditures and losses incurred in the course and scope of their employment.  Furthermore, Defendant was not permitted to make deductions or set offs from Plaintiffs and the Class' earned wages for items, including, but not limited to, expenses incurred in the performance of their duties.

37.     Through Defendant's uniform policy, Plaintiffs and the Class were required to purchase and maintain uniforms for which they were not reimbursed.

38.     Thus, during Plaintiffs and the Class' employment, they were required to incur business-related expenses and charges directly related to the performance of their duties as Defendant's employees that were never reimbursed.

39.     Pursuant to California Labor Code Section 2804, Defendant was prohibited from contracting with Plaintiffs and the Class to waive their rights to be indemnified for business expenses.  Thus, even assuming such agreement existed, the terms would be null and void.

40.     Therefore, Defendant failed to fully and reasonably indemnify and reimburse Plaintiffs and the Class for business expenses in violation of Labor Code Section 2802.  Such acts were committed willfully, maliciously, oppressively, and fraudulently, with conscious disregard for Plaintiffs and the Class' rights and Defendant's obligations under California wage and hour laws, which deprived Plaintiffs and the Class of their property and legal rights.

41.     In violation of California law, Defendant's have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Class properly for all reasonable and necessary expenditures and losses incurred in the course of and scope of their employment.  As a direct and proximate result, Plaintiffs and the Class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such monies, lost interest on such reimbursements, and expenses and attorneys' fees in

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   seeking to compel Defendant to fully perform its obligation under state law, and all to

2   its respective damage in amounts according to proof at time of trial.

3   **THIRD CAUSE OF ACTION**

4   **Failure to Provide Lawfully-Required Meal Breaks**

5   *California Labor Code §§512(a), 226.7 &*
*Industrial Welfare Commission Wage Order 4-2001, §11*

6

7        42.      Plaintiffs hereby reallege and incorporate by reference the allegations

8   contained in the paragraphs above, as if fully set forth herein.

9        43.      California Labor Code §226.7(a) mandates that no employer shall

10   require any employee to work during any meal period mandated by an applicable order

11   of the Industrial Welfare Commission. California Labor Code §226.7(b) states that if

12   an employer fails to provide an employee a meal period in accordance with an

13   applicable order of the Industrial Welfare Commission, the employer shall pay the

14   employee one additional hour of pay at the employee's regular rate of compensation for

15   each work day that the meal period is not provided.

16        44.      California Labor Code §512 and the applicable IWC Wage Order states

17   with regards to meal periods:

18              (a)      No employer shall employ any person for a work period of more than

19   five (5) hours without a meal period of not less than 30 minutes, except that when a work

20   period of not more than six (6) hours will complete the day's work the meal period may

21   be waived by mutual consent of the employer and employee.

22        45.      The Division of Labor Standards Enforcement has opined that meal

23   periods must be recorded unless all operations cease during the scheduled meal periods.

24   (*See* Letter from Division's Chief Counsel to the author dated February 22, 1993.)

25   Consequently, the Division will not permit a practice pursuant to which it is simply

26   assumed that employees receive a meal period unless a record to the contrary is

27   maintained.

28

- 11 -

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

46.    As set forth herein above, during the Class Period, Plaintiffs and the Class were required to work in excess of five (5) hours per day on a regular basis without being provided a daily thirty (30) minute restrictive-free meal period.

47.    This conduct was in violation of the provisions of California Labor Code §226.7(a), California Labor Code §512(a) and Industrial Welfare Commission Wage Order 4-2001, §11(A).

48.    Plaintiffs and the Class are therefore entitled to and hereby claim civil penalties for Defendant's failure to lawfully provide daily meal periods, pursuant to California *Labor Code* § 226.7(b) and Industrial Welfare Commission Wage Order 4-2001, §11(B), which states that an employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

49.    Defendant violated California Labor Code §226.7 and the wage orders by failing to schedule meal periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the meal periods were not provided.

50.    Plaintiffs and the Class did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or was part of an unlawful contract of adhesion.  Defendant did not provide, permit or authorize Plaintiffs and the Class to take meal periods in accordance with law or, if provided, did not pay for such time.

51.    As a result of Defendant's unlawful acts, Plaintiffs and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of.

52.    Plaintiffs and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §1194(a).

53.     Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and Class members and in conscious disregard of their rights.  Therefore, in addition to other types of relief requested herein, Plaintiffs and the Class are entitled to recover punitive and exemplary damages in amounts according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### Failure to Provide Rest Periods and/or Pay Appropriate Compensation in Lieu Thereof
### Labor Code §§226.7, 1194 and IWC Wage Orders

54.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

55.     California Labor Code §226.7(a) mandates that no employer shall require any employee to work during any rest period mandated by an applicable order of the Industrial Welfare Commission.

56.     California Labor Code §226.7(b) states that if an employer fails to provide an employee a rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

57.     The applicable Wage Order states with regard to rest periods:

(a)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    (b)   If an employer fails to provide an employee a rest period in

2    accordance with the applicable provisions of this Order, the employer shall pay the

3    employee one (1) hour of pay at the employee's regular rate of compensation for each

4    work day that the rest period is not provided.

5    58.   Defendant violated California Labor Code §226.7 and the wage orders by

6    failing to schedule rest periods and by failing to provide one hour of additional wages at

7    the employees' regular rate of compensation for each work day that the rest periods

8    were not provided.

9    59.   Plaintiffs and the Class did not voluntarily or willfully waive rest periods.

10   Any express or implied waivers obtained from Plaintiffs and the Class was not willfully

11   obtained, was not voluntarily agreed to, was a condition of employment, or was part of

12   an unlawful contract of adhesion.   Defendant did not provide, permit or authorize

13   Plaintiffs and the Class to take rest periods in accordance with law or, if provided, did

14   not pay for such time.

15   60.   As a result of Defendant's unlawful acts, Plaintiffs and the Class have been

16   deprived of wages, which is an amount resulting directly from the acts complained of.

17   61.   Plaintiffs and the Class are entitled to recover the unpaid additional or

18   premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant

19   to California Labor Code §1194(a).

20   62.   Defendant's actions were willful, malicious, fraudulent and oppressive,

21   and were committed with the wrongful intent to injure Plaintiffs and Class members and

22   in conscious disregard of their rights.   Therefore, in addition to other types of relief

23   requested herein, Plaintiffs and the Class are entitled to recover punitive and exemplary

24   damages in amounts according to proof at time of trial.

25   ### FIFTH CAUSE OF ACTION

26   **Failure to Properly Itemize Wage Statements**

27   ***Labor Code*** **§§ 226(a), 226(e), 1174, 1175 and *IWC Wage Orders***

28

- 14 -

1    63.    Plaintiffs hereby reallege and incorporate by reference the allegations

2  contained in the paragraphs above, as if fully set forth herein.

3    64.    California Labor Code Section 226(a) requires Defendant to itemize in

4  wage statements all deductions from payment of wages and to accurately report total

5  hours worked by its employees.

6    65.    Defendant knowingly and intentionally failed to comply with Labor Code

7  §226(a) on each and every wage statement that was provided to Plaintiffs and the Class.

8    66.    Plaintiffs and the class have suffered actual damages a result of

9  Defendant's violation of Labor Code § 226. Specifically, Plaintiffs and the class have

10  suffered costs and expenses as a result of Defendant's unlawful uniform policy, have

11  suffered a loss of wages as result of being denied meal and rest breaks as well as the

12  other losses and damages set forth in this complaint.   In addition, Plaintiffs and the

13  class have also suffered, and will continue to suffer, actual damages in the form of

14  additional litigation expenses incurred to calculate lost wages.   These additional

15  litigation expenses include, without limitation, attorney's fees, expert witnesses and

16  other costs attendant to the calculation of lost wages when such costs would not need to

17  be incurred if Defendant had provided wage statements to Plaintiffs and the class that

18  complied with Labor Code § 226 and specified the timing and amount of deductions

19  from the wages of Plaintiffs and the class.

20    67.    California Labor Code §226(e) and (g) provides for the remedy for the

21  violations described above:

22    (a)    An employee suffering injury as a result of a knowing and intentional

23  failure by an employer to comply with subdivision (a) is entitled to recover the greater of

24  all actual damages or fifty dollars ($50) for the initial pay period in which a violation

25  occurs and one hundred dollars ($100) per employee for each violation in a subsequent

26  pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is

27  entitled to an award of costs and reasonable attorney's fees.

28

1    (b)    An employee may also bring an action for injunctive relief to ensure
2  compliance with this section, and is entitled to an award of costs and reasonable
3  attorney's fees.

4    68.    In addition, Defendant also violated Section 1174 of the California Labor
5  Code, and the applicable IWC Wage Orders, that require Defendant to maintain and
6  preserve, in a centralized location, among other items, records showing the names and
7  addresses of all employees employed, payroll records showing the hours worked daily
8  by and the wages paid to its employees. Defendant has knowingly and intentionally
9  failed to comply with California Labor Code §1174. The failure of Defendant to
10 comply with California Labor Code §1174 is unlawful pursuant to California Labor
11 Code §1175. When an employer fails to keep such records, employees may establish
12 the hours worked solely by their testimony and the burden of overcoming such
13 testimony shifts to the employer. *Hernandez v. Mendoza*, (1988) 199 Cal. App. 3d 721.

14    69.    By failing to keep adequate time records required by Sections 226 and
15 1174 (d) of the California Labor Code, Defendant has injured Plaintiffs and the Class
16 entitling them up to $4,000.00 each in penalties.

17    70.    Plaintiffs and the Class are therefore entitled to recover all amounts for all
18 such wages and expenses and benefits on such wage statements, penalties, interest,
19 attorneys' fees, and court costs and expenses of suit, pursuant to Labor Code Sections
20 218.6 and 226, according to proof at time of trial. Plaintiffs and the Class are also
21 entitled to recover, in addition to or in lieu of some or all wages and expenses and
22 benefits, nominal, actual and compensatory damages in amounts according to proof at
23 time of trial.

24    71.    Defendant's failure to provide Plaintiffs and the Class with properly
25 itemized wage statements, including, but not limited to, proper payment of wages,
26 expenses and proper itemization of employees' pay in violation of California law, was
27 knowing and intentional. Defendant has refused to provide the properly itemized wage
28 statements due to false and fraudulent reasons. All such acts were committed willfully,

maliciously, oppressively, and fraudulently, with the wrongfully and deliberate intention of injuring Plaintiffs and the Class, and with conscious disregard for Plaintiffs and the Class' rights and legal Defendant's obligations under California wage and hour laws, all of which have deprived Plaintiffs and the Class of their property and legal rights.

72.     As a result of the violation of Labor Code § 226, Plaintiffs and class seek all remedies provided in Labor Code  § 226(e), including attorney's fees, costs, damages, equitable relief and/or penalties.  The class, including Plaintiffs, is entitled to greater of actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee.  Plaintiffs are also entitled to injunctive relief preventing Defendant from continuing to violate Labor Code § 226, an award of costs and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

### Failure To Pay All Wages Upon Termination Or Resignation
### *Labor Code* §§201, 202, 203

73.     Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

74.     California Labor Code Section 201(a) states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...."

75.     California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

76.     Defendant is, and at all times relevant hereto was, an employer within the meaning of and subject to California Labor Code §200 *et seq.*

- 17 -

77.   Defendant willfully failed to timely pay Plaintiffs and other former employees their wages due for work performed at the time of their departure and/or within seventy-two (72) hours of their departure, whichever applicable.  As a result, Defendant violated California Labor Code §201 and 202.

78.   Defendant's willful failure to timely pay Plaintiffs and other former employees all wages due for work performed at the time of their departure and/or within seventy-two (72) hours of their departure was not inadvertent or accidental.

79.   As of thirty (30) days from the date these monies were due and owing to such former employees, Defendant continued to willfully refuse to pay these monies to them and continues to do so as of the filing of this Complaint.

80.   At all times, Plaintiffs and Defendant's other former employees have been ready, willing and available to accept payment of these monies.

81.   Plaintiffs and other former employees are entitled to compensation for all forms of wages earned, including, but not limited to, additional wages for not providing rest and meal periods, and other claims described in this complaint, but to date have not received such compensation therefore entitling them to penalties under Labor Code §203.

82.   More than 30 days have passed since Plaintiffs and other former employees have left Defendant's employment, and have not received payment pursuant to Labor Code §§201, 202 and 203.

83.   In addition to these unpaid wages and interest thereon to which Plaintiffs and other former employees are entitled, as a consequence of Defendant's willful conduct in not paying all earned wages, Plaintiffs and other former employees are also entitled to 30 days' wages as a premium wage or penalty under California Labor Code §203.

**SEVENTH CAUSE OF ACTION**

**Failure To Pay Undisputed Wages**

***Labor Code § 206***

- 18 -

84.   Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

85.   As alleged above, Defendant wrongfully withheld earned wages and other monies from Plaintiffs and members of the class. In particular, Defendant failed to pay Plaintiffs and members of the class all wages they earned pursuant to the applicable Employment Laws and Regulations.

86.   Plaintiffs are informed and believe, and thereon allege, that there is no bona fide and/or legitimate dispute regarding the wages withheld from Plaintiffs and members of the class and that those wages were already earned by Plaintiffs and members of the class.

87.   Defendant provided some members of the class checks purporting to be in settlement of the claims alleged herein.

88.   Defendant required that in order for members of the class to accept the amount to which there is no bona fide and/or legitimate dispute, Plaintiffs and members of the class must release and waive any claims for the unpaid wages, as alleged herein.

89.   Defendant set this condition even though there is no bona fide and/or legitimate dispute that the wages were already earned and not in dispute.

90.   Plaintiffs and members of the class have been injured by Defendant's failure to pay earned wages and compensation. Plaintiffs and the class are entitled to immediate payment of all amounts not subject to bona fide and/or legitimate dispute, with interest.

### EIGHTH CAUSE OF ACTION

### Requiring Release Of Claims For Payment Of Undisputed Wages

### *LABOR CODE § 206.5*

91.   Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

92.   As alleged above, Defendant wrongfully withheld earned wages and other monies from Plaintiffs and members of the class. In particular, Defendant failed to pay

- 19 -

1  Plaintiffs and members of the class all wages they earned pursuant to the applicable
2  Employment Laws and Regulations.

3      93.    Plaintiffs are informed and believe, and thereon allege, that there is no
4  bona fide and/or legitimate dispute regarding the wages withheld from Plaintiffs and
5  members of the class and that those wages were already earned by Plaintiffs and
6  members of the class.

7      94.    Defendant provided some members of the class checks purporting to be in
8  settlement of the claims alleged herein.

9      95.    Defendant required that in order for members of the class to accept the
10  amount as to which there is no bona fide and/or legitimate dispute, they must release
11  and waive any claims for the unpaid wages, as alleged herein.

12     96.    California Labor Code § 206.5 reads "No employer shall require the
13  execution of any release of any claim or right on account of wages due ... unless
14  payment of such wages has been made.  Any release required or executed in violation
15  of the provisions of this section shall be null and void as between the employer and the
16  employee and the violation of the provisions of this section shall be a misdemeanor."

17     97.    Defendant violated Labor Code § 206.5 by requiring some members of the
18  class to release all claims for wages already earned but not yet paid.

19     98.    Any such waivers or releases obtained by Defendant are null and void
20  between Defendant and each employee who is a member of the class pursuant to Labor
21  Code § 206.5.

22     99.    Plaintiffs and members of the class have been injured by Defendant's
23  failure to pay earned wages and compensation and by Defendant's requirement that
24  Plaintiffs and members of the class sign waivers and release all claims for earned wages
25  in order to accept any amount of the already earned wages.  Plaintiffs and the class are
26  entitled to immediate payment of all amounts not subject to bona fide and/or legitimate
27  dispute, with interest, without any requirement of signing a waiver or releasing any
28  claims.

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

100.   Defendant's violation of Labor Code § 206.5 entitles Plaintiffs and the class to seek preliminary and permanent injunctive and declaratory relief, including but not limited to, orders that any agreement reached between Defendant and members of the class be deemed null and void pursuant to Labor Code § 206.5, and an injunction prohibiting Defendant from requiring any such waivers and releases in exchange for payments of already earned wages not subject to bona fide and/or legitimate dispute in the future

## NINTH CAUSE OF ACTION

### Conversion

### *CALIFORNIA CIVIL CODE* §§ 3336 AND 3294

101.   Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

102.   As alleged above, Defendant wrongfully withheld earned wages and other monies from Plaintiffs and members of the class.

103.   At all relevant times, Defendant had and continue to have a legal obligation imposed by statute to pay Plaintiffs and members of the class all earned wages and other compensation due to them.  Such wages and compensation belonged to Plaintiffs and members of the class at the time the labor and services were provided to Defendant, and accordingly, such wages and compensation are the property of Plaintiffs and members of the class, not Defendant.

104.   Defendant knowingly and intentionally failed to pay Plaintiffs and members of the class all compensation for hours worked. Instead, Defendant converted Plaintiffs' and members of the class' rightfully earned wages and converted them to Defendant's own use and benefit.

105.   Plaintiffs and members of the class have been injured by Defendant's intentional conversion of such wages and compensation.  Plaintiffs and the class are entitled to immediate possession of all amounts converted by Defendant, with interest, as well as any and all profits that Defendant acquired by their unlawful conversion.

- 21 -

106.   Defendant's actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by Defendant, and each of them, from named Plaintiffs and class as hereinbefore alleged. Plaintiffs and members of the class have been injured by Defendant's oppressive, malicious, intentional and fraudulent actions, entitling Plaintiffs and the class to punitive and exemplary damages.

## TENTH CAUSE OF ACTION

### Violation Of *Labor Code* §§ 210, 225.5, 226.3, 450 and 558.

107.   Plaintiffs hereby reallege and incorporate by reference the allegations contained in the paragraphs above, as if fully set forth herein.

108.   Plaintiffs, individually and on behalf of both the class and the general public allege that on or about October 28, 2009, they provided written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific violations of the California Labor Code Defendant has violated and continues to violate, including 210, 226, 226.3, 450 and 558.

109.   On or about December 30, 2009, the LWDA sent Plaintiffs a letter indicating that it did not intend to investigate the allegations made in Plaintiffs' written notice.

110.   As a result, Plaintiffs have exhausted all administrative procedures required of them under Labor Code §§ 2698, 2699 and 2699.3, and as a result, are justified as a matter of right in bringing forward this cause of action.

111.   As a result of the acts alleged above, Plaintiffs seek penalties under Labor Code §§ 2698 and 2699 because of Defendant's violations of numerous provisions of the California Labor Code

112.   Pursuant to California Labor Code § 2699, Plaintiffs should be awarded twenty-five percent (25%) of all penalties due under California law, including attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION

### Failure To Pay Overtime Compensation

- 22 -

1    FAIR LABOR STANDARDS ACT §203

2    113.  Plaintiffs hereby reallege and incorporate by reference the allegations

3    contained in the paragraphs above, as if fully set forth herein.

4    114.  Defendant routinely required Plaintiffs and members of the class to work

5    more than eight (8) hours per day, twelve (12) hours per day, and/or forty (40) hours per

6    week.

7    115.  Defendant failed to fully compensate Plaintiffs and members of the class for

8    all overtime wages they earned.

9    116.  Plaintiffs are informed and believe, and thereon allege that the failure of

10   Defendant to fully compensate Plaintiffs and the class for overtime work was willful,

11   purposeful, and unlawful and done in accordance with the policies and practices of

12   Defendant's operations.

13   117.  As a proximate cause of the aforementioned violations, Plaintiffs and the

14   class have been damaged in an amount according to proof at time of trial, but in an

15   amount in excess of the jurisdiction of this Court. Plaintiffs and the class are entitled to

16   recover the unpaid balance of wages owed, penalties, plus interest, reasonable attorney

17   fees and costs of suit and punitive damages for Defendant's oppressive, malicious,

18   intentional, and fraudulent actions.

19

20   **TWELFTH CAUSE OF ACTION**

21   **Unfair Competition Law**
     ***Business and Professions Code* § 17200**

22

23   118.  Plaintiffs hereby reallege and incorporate by reference the allegations

24   contained in the paragraphs above, as if fully set forth herein.

25   119.  The violations of the foregoing statutes and regulations, and/or

26   maintenance of the unlawful labor practices by Defendant as described in this

27   Complaint, constitute unfair and unlawful business practices under Business and

28   Professions Code §17200, *et seq.*

- 23 -

120.   The identified violations of California's wage and hour laws constitute business practices because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiffs and the Class.

121.   As a result of Defendant's continuing violations of the California wage and hour laws described above, the issuance of a temporary and permanent injunction is mandated. Therefore, Plaintiffs and the Class seek an injunction ordering Defendant to cease and desist engaging in the unfair business practices described above. Such an injunction is appropriate to remedy the wrongful conduct alleged.

122.   As a further remedy authorized by California Business & Professions Code §17203, because Defendant wrongfully obtained a competitive advantage by engaging in these unlawful and unfair business practices, and continues to do so, the monies unlawfully obtained by such means should be restored to the parties from whom these monies were taken (i.e., Plaintiffs and the Class).

123.   By way of an injunctive order, Defendant should be ordered to: Identify, locate and notify all present and former Employees (Class Members) within the preceding four (4) years that certain monies may be due and owing to them; Calculate the amount of restitution owed by performing an adequate accounting to ascertain the monies due and owed to said present and former employees; Pay restitution, together with interest, penalties, and attorney fees and costs, accordingly and; Comply with any other order or judgment which the Court deems necessary to prevent the use of any practice by Defendant constituting unfair business practices or to restore to any person in interest any money or property which was acquired by means of such a practice, including but not limited to the appointment of a receiver, pursuant to California Business & Professions Code 17203.

124.   Plaintiffs and the Class are entitled to and hereby claim attorneys' fees and costs, pursuant to California Labor Code §§218.5, 1194, the private attorney general theory doctrine (California Code of Civil Procedure §1021.5), and any other applicable

1  provision for attorney fees and costs, based upon the violation of the underlying public

2  policies.

3  **PRAYER FOR RELIEF**

4  Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

5  1.  For compensatory damages, including unpaid wages, according to proof;

6  2.  For unpaid wages and unpaid overtime wages, according to proof;

7  3.  For civil premiums and penalties, pursuant to *Labor Code* §§ 558, 226.7(b), 226,

8  203, and any applicable Industrial Welfare Commission Wage Order;

9  4.  For all penalties recoverable under the Private Attorneys General Act (*Labor Code*

10  §§ 2698, 2699 *et seq.*)

11  5.  For all other applicable remedies and penalties, pursuant to the California *Labor*

12  *Code* and any applicable *Industrial Welfare Commission Wage Order*;

13  6.  For an award of attorneys' fees and costs of suit, pursuant to *Labor Code*

14  §§ 218.5, 1194, 226(e) *Code of Civil Procedure* §1021.5 or any applicable code or

15  *Industrial Welfare Commission Wage Order*;

16  7.  For an award of interest, including prejudgment interest at the legal rate;

17  8.  For punitive and exemplary damages, according to proof.

18  9.    For disgorgement of all unjust enrichment and/or profits obtained by

19  Defendant, as a result of their violations of the Labor Code and Wage Orders;

20  10.    For injunctive relief including, but not limited to, ordering the continuing

21  unlawful business acts to cease, and ordering that Defendant identify, locate and notify

22  the Class Members that certain monies may be due and owing to them; that Defendant

23  calculate the amount of restitution owed by performing an adequate accounting to

24  ascertain the monies due and owed to said Class Members; and that Defendant pay

25  restitution, together with interest and attorney fees, costs and penalties, accordingly as

26  allowed by Business and Professions Code §17203;

27

28

1    11.    For an order granting Plaintiff the right to facilitate notice in informing other

2    employees similarly situated of the right to join this action by filing a written consent to

3    become a plaintiff in this action maintained by the named plaintiffs under 29 U.S.C. §

4    216(b) and that notice be in conformance with the holding in *Pioneer Electronics (USA),*

5    *Inc v. Superior Court,* 40 Cal.4th 360 (2007);

6    12.    All actual, consequential, liquidated and incidental losses and damages;

7    including unpaid overtime compensation, according to proof at trial;

8    13.    Such other damages as may be allowed in accordance with 29 U.S.C. § 216(b)

9    according to proof at trial; and

10   14.    Liquidated damages, attorneys fees, and costs pursuant to 29 U.S.C. § 216(b)

11   15.    For such other and further relief as the Court deems just and proper.

12   DATED:  February 11, 2010            ZELDES & HAEGGQUIST, LLP
                                          HELEN I. ZELDES
13                                        ALREEN HAEGGQUIST

14
                                          SCHONBRUN DESIMONE SEPLOW
15                                        HARRIS & HOFFMAN LLP
                                          WILMER J. HARRIS
16                                        SAMI N. KHADDER

17

18

19                                        */s/ Wilmer J. Harris*

20                                        Attorneys for Plaintiffs and the Proposed
                                          Class
21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## JURY DEMAND

2     Plaintiffs, individually, and on behalf of all other similarly situated current and

3   former employees of Defendant's in the State of California, hereby demand trial by

4   jury on all issues so triable.

5

6   DATED:  February 11, 2010          ZELDES & HAEGGQUIST, LLP
                                       HELEN I. ZELDES
7                                      ALREEN HAEGGQUIST

8
                                       SCHONBRUN DESIMONE SEPLOW
9                                      HARRIS & HOFFMAN LLP
                                       WILMER J. HARRIS
10                                     SAMI N. KHADDER

11

12                                     /s/ Wilmer J. Harris

13                                     Attorneys for Plaintiffs and the Proposed
                                       Class
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 715 Fremont Avenue, Suite A, South Pasadena, CA 91030.

     On **February 26, 2010,** I caused the service of the following document described as:

## SECOND AMENDED COMPLAINT

on all interested parties in this action by placing ____ an original or **X** a true copy thereof enclosed in sealed envelope addressed as follows:

**Ryan McCortney, Esq.**
**Sheppard Mullin**

**Richter & Hampton LLP**

**650 Town Center Drive, 4th Floor**
**Costa Mesa , CA 92626**

**Fax: (714) 513-5130**

_X_ **[By Electronic Mail]** I caused the above to be transmitted electronically to the e-mail address(es) of the individual(s) listed above.

_X_ **[By MAIL]** I caused such envelope to be deposited in the mail at South Pasadena, California.  The envelope was mailed with postage thereof fully prepaid.

Executed on **February 26, 2010,** at South Pasadena, California.

_X_ **[FEDERAL]** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Kristina Akopyan