ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
AMBER L. ECK (177882)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
helenz@zhlaw.com
alreenh@zhlaw.com
ambere@zhlaw.com

SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
WILMER J. HARRIS (150407)
SAMI N. KHADDER (232216)
715 Fremont Avenue, Suite A
South Pasadena, CA 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770
wharris@sdshhlaw.com
skhadder@sdshhlaw.com

Attorneys for Plaintiffs
and the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MADRIGAL, CRISTINA MARTINEZ, TRACEY MILSOP, MICHAEL JENSEN and LAWRENCE PERCIVAL, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOMMY BAHAMA GROUP, INC., a Delaware Corporation; TOMMY BAHAMA R&R HOLDINGS, INC., a Georgia Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:09-CV-08924-SJO(CW)<br><br>ORDER GRANTING CONDITIONAL CERTIFICATION OF A SETTLEMENT CLASS, APPROVAL OF FORMS AND METHODS OF NOTICE, AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE<br><br>Judge:      Honorable S. James Otero<br>Courtroom:  1<br><br>Complaint Filed: December 4, 2009 |

This Court has reviewed the Final Settlement Agreement ("Agreement") entered into by and among defendant Tommy Bahama R&R Holdings, Inc. ("Tommy Bahama"), and plaintiffs Enrique Madrigal, Cristina Martinez, Tracey Milsop and Michael Jensen, as individuals and as "Class Representatives" (collectively the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

This Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Federal Rules of Civil Procedure Rule 23 for class certification, including numerosity, commonality, typicality, ascertainability, predominance of common issues, superiority, and that the Class Representatives and Class Counsel are adequate representatives of the Settlement Class;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The proposed Settlement set forth in the Agreement is hereby preliminarily approved as being fair, reasonable and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is conditionally certified as a class action, for the purposes of Settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

> All non-exempt employees of Tommy Bahama who worked in California at the Tommy Bahama retail store or restaurant located in Palm Desert or Newport Beach, anytime during the time period of December 4, 2005 through the date the Court grants preliminary approval of the settlement (referred to hereafter as the "Class

Period") but excluding any employee who previously signed a settlement agreement with Tommy Bahama containing a release of any of the claims asserted in this lawsuit or any other, and all persons who validly request exclusion from the Settlement Class.

4. Class Counsel and the Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Alreen Haeggquist of Zeldes & Haeggquist, LLP, 625 Broadway, Suite 906, San Diego, California 92101, and Wilmer J. Harris of Schonbrun Desimone Seplow Harris Hoffman & Harrison LLP, 715 Fremont Avenue, Suite A, South Pasadena, California 91030 are hereby appointed as Class Counsel, and Enrique Madrigal, Cristina Martinez, Tracey Milsop and Michael Jensen are hereby appointed as Class Representatives.

5. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

6. The Notice of Settlement of Class Action and Settlement Hearing ("Class Notice"); the Summary Sheet; and the Claim Form; which are attached to the Agreement as Exhibits B-D, respectively, are hereby approved as to form.

7. No later than 30 calendar days after preliminary approval of the proposed Settlement by the Court, counsel for the Defendant shall transmit to the Claims Administrator, in a readable, ready to use electronic excel spreadsheet format, a list containing the following information for each Class Member: (1) name, last known home address (street, city and zip code); (2) social security number; (3) first and last day employed during the Class Period; (4) the total

Eligible Workweeks of each Class Member during the Class Period, and (5) the total Eligible Workweeks of all Class Members during the Class Period ("Class List").

8. No later than 15 business days after the Claims Administrator receives the Class List from Defendant, the Claims Administrator shall send to each Class Member by first class mail with return receipt requested, the Class Notice. If the Class Member is a Current Employee, the Claims Administrator will include with the Class Notice the document entitled "Summary Sheet." If the Class Member is a Former Employee, the Claims Administrator will include with the Class Notice the document entitled "Claim Form."

9. If a Class Notice and Summary Sheet or Claim Form are returned because of an incorrect address, with a forwarding address affixed thereto, the Claims Administrator will immediately re-mail the foregoing to that Class Member. If a Class Notice and Summary Sheet or Claim Form are returned as undeliverable, the Claims Administrator will immediately perform a search for a more current address for the Class Member and re-mail the foregoing to that updated address.

10. CPT Group, Inc. shall, in good faith, administer the process of receiving, handling, processing, and paying claims. Class Counsel and defense counsel shall have the right to inquire of CPT Group, Inc. regarding any aspect of implementation of the settlement, including, but not limited to, the settlement administration process and the treatment of individual Settlement Class Member's claims. CPT Group, Inc. will issue periodic reports via email to Class Counsel and defense counsel summarizing the claims received, any requests for exclusion received, and the status of any disputed claims.

11. The Court finds that the form of notice to the Settlement Class regarding the pendency of the Action and of this settlement and Class Counsel's

fee and expense application and application for incentive award set forth below, and the method of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23(c)(2)(B) and the United States Constitution.

12. Class Members who are Current Employees will not have to submit a Claim Form to receive an Individual Settlement Payment. Class Members who are Current Employees will receive a Summary Sheet which shall identify, according to Defendant's records, the name of the Class Member, his or her current mailing address, and the number of Eligible Workweeks worked by the Class Member during the Class Period.

13. Class Members who are Former Employees must submit a Claim Form to receive an Individual Settlement Payment. The Claim Form shall identify, according to Defendant's records, the name of the Class Member, his or her current mailing address, and the number of Eligible Workweeks worked by the Class Member during the Class Period. In order for a Claim Form to be valid, the Claim Form must be signed under penalty of perjury by the Former Employee and postmarked and mailed or faxed to the Claims Administrator by no later than 60 days after the date the Claims Administrator originally mails the Class Notice and Claim Form to the Class Members.

14. Any Class Member who seeks to be excluded from the Class and this settlement must send a request in writing signed by the Class Member to the Claims Administrator postmarked and mailed or faxed no later than 60 days after the date the Claims Administrator originally mails the Class Notice and Summary Sheet or Claim Form to the Class Member. Any Class Member who does not file a valid and timely request for exclusion will be bound by the release

in the Class Notice and by the Final Judgment dismissing the Action on the merits and with prejudice.

15. In order for a Class Member to object to the settlement, he or she must not opt-out, and must, by no later than 60 days after the Class Notice and Summary Sheet or Claim Form was originally mailed to the Class Member, file with the Court and serve on Class Counsel and Defendant's counsel, a written statement of the grounds of objection, signed by the objecting Class Member or his or her attorney, along with any supporting papers that the objecting Class Member wishes to include, in accordance with the instructions in the Class Notice. Such objections shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Hearing. Any objection that does not meet the foregoing requirements will not be considered by the Court. Class Members who fail to timely file and serve objections in the manner specified herein shall be deemed to have waived any objections.

16. All papers in support of Class Counsel's petition for award of attorney fees and reimbursement of expenses and request for incentive awards to the Class Representatives, shall be filed on or before January 3, 2012, any opposition shall be filed on January 16, 2012, and any reply shall be filed on January 23, 2012.

17. All papers in support of the application for final approval of the settlement, including the declaration of diligence by the claims administrator CPT Group, Inc., shall be filed on or before January 27, 2012.

18. Class Counsel's response to any objections to the Final Settlement shall be filed on or before January 23, 2012.

19. A hearing (the "Final Hearing") shall be held by the Court on February 6, 2012, at 1:30 p.m., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether

the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's fee and expense application and application for Class Representative Enhancements should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Class Members who have not validly requested exclusion from the Settlement Class. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

20. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

Dated:   October 3, 2012

*S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT COURT JUDGE