ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
AMBER L. ECK (177882)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: (619) 342-8000
Facsimile: (619) 342-7878
helenz@zhlaw.com
alreenh@zhlaw.com
ambere@zhlaw.com

SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
WILMER J. HARRIS (150407)
SAMI N. KHADDER (232216)
715 Fremont Avenue, Suite A
South Pasadena, CA 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770
wharris@sdshhlaw.com
skhadder@sdshhlaw.com

Attorneys for Plaintiff
and the Proposed Class

JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MADRIGAL, CRISTINA MARTINEZ, TRACEY MILSOP, MICHAEL JENSEN and LAWRENCE PERCIVAL, on Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TOMMY BAHAMA GROUP, INC., a Delaware Corporation; TOMMY BAHAMA R&R HOLDINGS, INC., a Georgia Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 2:09-CV-08924-SJO(CW)<br><br>FINAL ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS<br><br>Judge:　　Honorable S. James Otero<br>Courtroom:　1<br><br>Complaint Filed: December 4, 2009<br>Trial Date:　　March 6, 2012 |

On February 6, 2012, a hearing was held before this Court to determine: (1) whether the proposed settlement of the above-captioned action (the "Litigation") on the terms and conditions provided for in the Final Settlement Agreement dated September 26, 2011 (the "Settlement Agreement") is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (2) whether a Final Judgment as provided in §IX of the Settlement Agreement should be entered; (3) whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel; and (4) whether and in what amounts to award service awards for the named Plaintiffs.

The Court, having considered all matters submitted to it at the hearing and otherwise, and good cause appearing, the Court enters this Final Judgment.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Litigation, including all matters necessary to effectuate the Settlement, and over Plaintiffs Enrique Madrigal, Cristina Martinez, Tracey Milsop and Michael Jensen (collectively "Plaintiffs") and Defendant Tommy Bahama R&R Holdings, Inc. ("Defendant" or "Tommy Bahama") (collectively, the "Parties").

3. The Parties have complied in all material respects with the notice plan set forth in §VIC-D of the Settlement Agreement (the "Notice Plan"). The Settlement Administrator has filed a declaration showing the Parties' compliance with the Notice Plan. Notice, as set forth in the Settlement Agreement, was given to all members of the Settlement Class. The Court finds that notice pursuant to the Notice Plan met the requirements of Federal Rules of Civil Procedure Rule

23, and due process, and was the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

4. The prerequisites for a class action under Federal Rules of Civil Procedure Rule 23(b)(3) are satisfied for settlement purposes only in that: (a) the Settlement Class Members are so numerous as to make joinder impracticable; (b) common questions of law and fact exist as to all Settlement Class Members; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the interests of the Settlement Class will be, and have been, fairly and adequately represented by the Plaintiffs and their counsel of record in the Litigation; (e) such common questions predominate over any questions solely affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5. Pursuant to Federal Rules of Civil Procedure Rule 23, this Court hereby finally certifies Enrique Madrigal, Cristina Martinez, Tracey Milsop and Michael Jensen as Class Representatives, and Alreen Haeggquist of Zeldes & Haeggquist, LLP and Wilmer J. Harris of Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP as Class Counsel.

6. Pursuant to Federal Rules of Civil Procedure Rule 23, this Court hereby finally certifies this Litigation as a class action on behalf of:

> All non-exempt employees of Tommy Bahama who worked in California at the Tommy Bahama retail store or restaurant located in Palm Desert or Newport Beach, anytime during the time period of December 4, 2005 through the date the Court grants preliminary approval of the settlement (referred to hereafter as the "Class Period") but excluding any employee who previously signed a settlement agreement with Tommy Bahama containing a release of any of the

1  claims asserted in this lawsuit or any other, and all persons who
2  validly request exclusion from the Settlement Class.

3  7. The terms of the Settlement Agreement are approved as fair, reasonable and adequate as to the Parties and the Settlement Class, and the Court hereby finally approves the Settlement Agreement and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

8. The Fourth Amended Complaint (Dkt. #113), which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed with prejudice, and the Parties are to bear their own fees and costs, except as provided in the Settlement Agreement.

9. The Court finds that all Parties and their counsel have complied with each requirement of Federal Rules of Civil Procedure Rule 11 as to all proceedings herein.

10. Class Counsel are hereby awarded the sum of $142,500 in attorneys' fees, which sum the Court finds to be fair and reasonable.

11. Class Counsel are also awarded $60,000 in verified costs and expenses incurred in the prosecution of this litigation.

12. The attorneys' fees and expenses shall be paid to Class Counsel by Tommy Bahama in accordance with the terms of the Settlement Agreement.

13. The Court hereby approves the requested service awards of $5,000 each to Plaintiffs Madrigal, Martinez and Milsop and $2,000 to Plaintiff Jensen.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid by Tommy Bahama, the Court has considered and found that:

      a.     The settlement created a benefit with a substantial value to the Settlement Class and numerous Participating Class Members will benefit from the Settlement created by Class Counsel;

      b.     The Class Notice was disseminated to putative Settlement Class Members indicating that Class Counsel was moving for attorneys' fees in the amount of $142,500, costs and expenses in the amount of $60,000, and for incentive awards for Plaintiffs Madrigal, Martinez and Milsop of $5,000 each and Plaintiff Jensen of $2,000. No objections were filed against the terms of the proposed settlement or the fees and expenses requested by Class Counsel contained in the Class Notice;

      c.     Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

      d.     The Litigation involves complex factual and legal issues and was actively prosecuted over nearly two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      e.     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendant;

      f.     Class Counsel have devoted over 1,665 hours, with a lodestar value of over $792,040 to achieve the Settlement; and

      g.     The amount of attorneys' fees and expenses awarded is fair and reasonable and consistent with awards in similar cases.

15. Any remaining portion of the Net Settlement Amount that is not timely claimed by Class Members who are Former Employees, and any settlement checks issued to Participating Class Members that remain uncashed after one hundred and twenty (120) days from the date of the check, will be

1  forwarded by the Claims Administrator to the Veterans Affairs Greater Los
2  Angeles Healthcare System within one hundred and seventy-five (175) days after
3  the Court has entered Judgment that has become final and the time for any appeal
4  by anyone has expired.

5      16.   Exclusive jurisdiction is hereby retained over the Parties and the
6  Settlement Class for all matters relating to this Litigation, including the
7  administration, interpretation, effectuation, or enforcement of the Settlement
8  Agreement and this Final Judgment, and including any application for fees and
9  expenses incurred in connection with administering and distributing the
10 Settlement proceeds to the members of the Settlement Class.

11     17.   Without further order of the Court, the Parties may agree to
12 reasonable extensions of time to carry out any provisions of the Settlement
13 Agreement.

14     18.   There is no just reason for delay in the entry of this Final Judgment
15 and immediate entry by the Clerk of the Court is expressly directed pursuant to
16 Federal Rules of Civil Procedure Rule 54(b).

17     IT IS SO ORDERED.

18     The Clerk shall close this file and close all related cases.

19   2/13/12
20 Dated: _____

*/s/ S. James Otero*

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT COURT JUDGE

23 Submitted by:

24 Dated: February 7, 2012

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
AMBER L. ECK (177882)

By:    s/Alreen Haeggquist
ALREEN HAEGGQUIST

5    No. 2:09-CV-08924-SJO(CW)
FINAL [PROP] ORDER GRANTING FINAL APPROVAL OF SETTLMT AGREEMENT & RELEASE &
GRANTING MOTION FOR ATTYS' FEES, REIMBURSEMENT OF EXPENSES & SERVICE AWARDS

|   |   |
|---|---|
| 1 | 625 Broadway, Suite 906 |
| 2 | San Diego, CA  92101<br>Telephone: (619) 342-8000<br>Facsimile: (619) 342-7878 |
| 3 |   |
| 4 | SCHONBRUN DESIMONE SEPLOW<br>HARRIS HOFFMAN & HARRISON LLP<br>WILMER J. HARRIS (150407) |
| 5 | SAMI N. KHADDER (232216)<br>715 Fremont Avenue, Suite A |
| 6 | South Pasadena, CA  91030<br>Telephone: (626) 441-4129 |
| 7 | Facsimile: (626) 283-5770 |
| 8 | Attorneys for Plaintiff and the Proposed Class |

ZELDES & HAEGGQUIST, LLP

FINAL [PROP] ORDER GRANTING FINAL APPROVAL OF SETTLMT AGREEMENT & RELEASE &
GRANTING MOTION FOR ATTYS' FEES, REIMBURSEMENT OF EXPENSES & SERVICE AWARDS

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2012, I electronically emailed the foregoing to all counsel listed on the CM/ECF system for this matter.

                          s/Alreen Haeggquist
                          ALREEN HAEGGQUIST

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES (220051)
ALREEN HAEGGQUIST (221858)
AMBER ECK (177882)
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619-342-8000
Facsimile: 619-342-7878
alreenh@zhlaw.com